UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

RICHARD MICHAEL ANTHONY LEE,
    Petitioner,

vs.                                            Case No.: 3:20cv5702/LAC/EMT

MARK INCH,
    Respondent.
_____/

## REPORT AND RECOMMENDATION

Petitioner Richard Michael Anthony Lee (Lee) commenced this case by filing a petition for writ of habeas corpus under 28 U.S.C. § 2254 (ECF No. 1). Presently before the court is Lee's Second Amended Petition (ECF No. 21). Respondent filed a motion to dismiss the petition as impermissibly second or successive, pursuant to 28 U.S.C. § 2244(b) (ECF No. 23). Lee filed a response to the motion to dismiss (ECF No. 25).

The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2(B); *see also* 28 U.S.C. § 636(b)(1)(B)–(C) and Fed. R. Civ. P. 72(b). After careful consideration of the parties' arguments and the record, it is the opinion of the undersigned that Lee's Second Amended Petition should be dismissed for lack of jurisdiction.

I.   BACKGROUND

Lee was convicted in the Circuit Court in and for Escambia County, Florida, Case No. 1983-CF-325, of second degree murder and armed robbery (*see* ECF No. 1 at 1–2; *see also* ECF No. 23-1 at 6–10 (Judgment)).[1]  Lee was sentenced to concurrent terms of life imprisonment (*see* ECF No. 23-1 at 6–10 (Judgment)).  The Florida First District Court of Appeal (First DCA) affirmed the judgment on May 3, 1984.  *See Lee v. State*, 449 So. 2d 406 (Fla. 1st DCA 1984) (Mem).

In 1998, Lee sought federal habeas corpus relief under § 2254 in this district court (*see* ECF No. 23-1 at 12–17 (Lee's § 2254 petition)).  *See Lee v. Singletary*, Case No. 3:98cv274/LAC/SMN, Petition (N.D. Fla. July 20, 1998).  The district court, adopting the report and recommendation of the magistrate judge concluding that the petition was untimely, denied the petition (*see* ECF No. 23-1 at 19–24 (Report and Recommendation); ECF No. 23-1 at 26 (Order); ECF No. 23-1 at 7 (Judgment)).  *See Lee v. Singletary*, Case No. 3:98cv274/LAC/SMN, Report and Recommendation, ECF No. 17 (N.D. Fla. Mar. 2, 1999), Order, ECF No. 19 (N.D. Fla. Mar. 22, 1999), Judgment, ECF No. 20 (N.D. Fla. Mar. 22, 1999).

---

[1] The court refers to the document numbers and page numbers automatically assigned by the court's electronic filing system.

In 2013, Lee again sought federal habeas corpus relief under § 2254 in this district court (*see* ECF No. 23-1 at 29–43 (Lee's § 2254 petition)). *See Lee v. Sec'y Dep't of Corr*, Case No. 3:13cv592/LAC/EMT, Petition (N.D. Fla. Sept. 27, 2013). The district court, adopting the report and recommendation of the magistrate judge, dismissed the petition for lack of jurisdiction, pursuant to § 2244(b) (*see* ECF No. 23-1 at 74–78 (Report and Recommendation); ECF No. 23-1 at 80 (Order); ECF No. 23-1 at 81 (Judgment)). *See Lee v. Singletary*, Case No. 3:98cv274/LAC/SMN, Report and Recommendation, ECF No. 32 (N.D. Fla. Sept. 2, 2014), Order, ECF No. 35 (N.D. Fla. Oct. 6, 2014), Judgment, ECF No. 36 (N.D. Fla. Oct. 6, 2014).

Lee commenced the instant § 2254 case on July 29, 2020 (*see* ECF No. 1). In his Second Amended Petition, he challenges the same state court judgment that he challenged in Case No. 3:98cv274/LAC/SMN (*see* ECF No. 21 at 1–2).

II.   DISCUSSION

Federal courts are courts of limited jurisdiction, and may only hear cases where authorized by the Constitution and by statute. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Section 2244 provides, in relevant part:

> **(b)(1)** A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.

**(2)** A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless—

**(A)** the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

**(B)(i)** the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and

**(ii)** the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

**(3)(A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.**

28 U.S.C. § 2244 (emphasis added); *see also* Rule 9, Rules Governing Section 2254 Cases in the United States District Courts (2015) ("Before presenting a second or successive petition, the petitioner must obtain an order from the appropriate court of appeals authorizing the district court to consider the petition as required by 28 U.S.C. § 2244(b)(3) and (4)."). A district court lacks jurisdiction to hear a second or successive § 2254 petition absent authorization from a Court of Appeals. 28 U.S.C. § 2244(b)(3)(A); *Burton v. Stewart*, 549 U.S. 147, 152 (2007) (holding that district court lacked jurisdiction to entertain second habeas petition because prisoner failed

to obtain order from court of appeals authorizing him to file it); *Fugate v. Dep't of Corr.*, 301 F.3d 1287, 1288 (11th Cir. 2002) (same).

Here, review of the magistrate judge's report and recommendation in Lee's first habeas action, which the district judge adopted, demonstrates that Lee's 1998 petition qualified as a first petition for the purpose of determining successor status, because it was dismissed as untimely. *See Patterson v. Sec'y, Fla. Dep't of Corr.*, 849 F.3d 1321, 1325–26 (11th Cir. 2017) ("When his first federal petition was dismissed as untimely, Patterson lost his one chance to obtain federal review of his 1998 judgment.  Because Patterson's 2011 petition challenges the 1998 judgment a second time, the district court correctly dismissed it as second or successive.") (citing *Jordan v. Sec'y, Dep't of Corr.*, 485 F.3d 1351, 1353 (11th Cir. 2007)); *see also McNabb v. Yates*, 576 F.3d 1028, 1029–30 (9th Cir. 2009) (holding that dismissal as untimely constitutes merits disposition and renders later petition second or successive); *Murray v. Greiner*, 394 F.3d 78, 81 (2d Cir. 2005) (same); *Altman v. Benik*, 337 F.3d 764, 766 (7th Cir. 2003) (explaining that prior untimely petition "counts" to render subsequent petition successive:  "[A] statute of limitations bar is not a curable technical or procedural deficiency but rather operates as an irremediable defect barring consideration of the petitioner's substantive claims."). The instant petition thus qualifies as successive for purposes of § 2244(b)(3).

Lee has not alleged or shown that he obtained permission from the Eleventh Circuit Court of Appeals to file a successive habeas petition. Lee's failure to obtain permission from the Eleventh Circuit prior to filing the instant petition operates as a jurisdictional bar that precludes this district court's consideration of the merits of the petition. *See* 28 U.S.C. § 2244(b)(3)(A); *Fugate*, 310 F.3d at 1288.

## III. CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." 28 U.S.C. § 2254 Rule 11(a). A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. 28 U.S.C. § 2254 Rule 11(b).

"Section 2253(c) permits the issuance of a COA only where a petitioner has made a 'substantial showing of the denial of a constitutional right.'" *Miller-El v. Cockrell*, 537 U.S. 322 336 (2003) (quoting § 2253(c)(2)). "At the COA stage, the only question is whether the applicant has shown that 'jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to

proceed further.'"  *Buck v. Davis*, 137 S. Ct. 759, 773 (2017) (citing *Miller-El*, 537 U.S. at 327).   The petitioner here cannot make that showing.  Therefore, the undersigned recommends that the district court deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides:  "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."  Thus, if there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is respectfully **RECOMMENDED**:

1. Petitioner's Second Amended Petition (ECF No. 21) be **DISMISSED for lack of jurisdiction**, pursuant to 28 U.S.C. § 2244(b).

2. A certificate of appealability be **DENIED**.

3. The clerk of court be directed to enter judgment accordingly and close this case.

At Pensacola, Florida, this 17th day of March 2021.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M.   TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**

## **NOTICE TO THE PARTIES**

**Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control</u>.  An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**